37 P.3d 23

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Tommy BUTTON, Defendant–Appellant.**

No. 27136.

Court of Appeals of Idaho.

Nov. 28, 2001.

Molly J. Huskey, Interim State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Tommy Button appeals from his judgment of conviction for possession of methamphetamine. Button argues that the district court erred when it denied his motion to suppress. Button contended in his motion that his arrest for carrying a concealed weapon was illegal because the weapon was not concealed within the meaning of I.C. § 18–3302(9). We affirm.

## I.

## BACKGROUND

On July 12, 2000, Button was a passenger in a car that was owned by him and stopped by a police officer for the fictitious display of license plates. During the course of the traffic stop, the officer arrested the driver for driving without privileges. The officer then asked Button to step out of the car. The officer told Button that she was going to search the car and asked Button if there were any weapons inside. Button at first denied that there were any weapons in the vehicle, but later admitted that a .22 caliber handgun was shoved down between the front seats, with a purse laying over the top of it. Button admitted that the handgun was his.

After receiving this information from Button, the officer walked over to the passenger's side of the car and looked through the open window. The officer spotted approximately two inches of what she recognized as the butt of a handgun sticking out from the between the front seats of the car, beneath a purse. Button was arrested for possession of a concealed weapon. I.C. § 18–3302(9). After Button's arrest, another officer searched Button incident to the arrest and discovered three baggies of methamphetamine in Button's pocket. Based on this evidence, Button was charged with possession of methamphetamine. I.C. § 37–2732(c).

Button filed a motion to suppress the methamphetamine seized during the pat-down, arguing that because two inches of the butt of the handgun was visible to the officer, the handgun was not concealed and therefore his arrest for carrying a concealed weapon

was illegal. Button also moved for suppression of all evidence seized as a result of his arrest. The district court denied the motion. Button entered a conditional guilty plea to the possession of methamphetamine charge, reserving the right to appeal the district court's denial of the motion to suppress. The district court sentenced Button to a five-year unified term with one and one-half years fixed, suspended the sentence, and placed Button on probation for five years. Button filed a timely appeal.

## II.

## STANDARD OF REVIEW

■■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina,* 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers,* 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

## III.

## ANALYSIS

On appeal, Button argues that there was no probable cause to believe Button had committed a crime and, therefore, his arrest for carrying a concealed weapon was illegal. Idaho Code Section 18–3302(9) prohibits carrying a concealed weapon without a permit and states:

> While in any motor vehicle, inside the limits or confines of any city or inside any mining, lumbering, logging or railroad camp a person shall not carry a concealed weapon on or about his person without a license to carry a concealed weapon. This shall not apply to any pistol or revolver located in plain view whether it is loaded or unloaded. A firearm may be concealed legally in a motor vehicle so long as the weapon is disassembled or unloaded.

■■ Probable cause for an arrest exists if an officer possesses facts that would lead a person of ordinary prudence to entertain an honest belief that a suspect committed a crime. *State v. Schmidt,* 121 Idaho 381, 382, 825 P.2d 104, 105 (Ct.App.1992). With regard to the crime of carrying a concealed weapon, one can violate the law not only when a weapon is carried on his or her person, but also when he or she goes about with the weapon in such close physical proximity that it is readily. accessible at a moment's notice. *See State v. McNary,* 100 Idaho 244, 247, 596 P.2d 417, 420 (1979). The general test of concealment is whether a weapon is so carried that it is not discernible by ordinary observation. *Id.*

Button does not contest that the loaded handgun was shoved down between the front seats of the car or that a purse was covering the area between the front seats. Instead Button argues that the weapon was not concealed because when the officer looked in the passenger's side window she could see two inches of the butt of the handgun.

At the suppression hearing in this case, the officer testified that she approached the driver's side of the car immediately after initiating the traffic stop. The officer stated that her usual practice after stopping a car was to look inside for weapons or contraband. In this case, the front windows of the car were rolled down, allowing the officer to stand behind the driver's door and peer into the front and rear seats of the car. The officer testified that from her vantage point on the driver's side of the car, she did not see any weapons or contraband. It was only after Button told the officer that he had a handgun in the vehicle, that the officer walked around to the passenger's side of the vehicle, looked through the passenger's window, and saw a small portion of the butt of the handgun.

■ Idaho Code Section 18–3302(9) prevents any unlicensed person from carrying a concealed weapon and using the element of surprise to harm others. The officer in this case stood outside the driver's door, looked inside the front and rear of the vehicle, and

did not see a weapon. The weapon remained concealed from the officer until Button told her that he had a weapon in the car and where she could find it. Because the officer could only see a small portion of the weapon from one particular vantage point, the weapon was not discernible from ordinary observation. *See United States v. Thornton,* 710 F.2d 513 (9th Cir.1983); *State v. Adams,* 189 Ariz. 235, 941 P.2d 908 (App.1997); *Robertson v. State,* 704 A.2d 267 (Del.1997). We conclude that Button has failed to show that the district court abused its discretion when it denied his motion to suppress.

## IV.

### CONCLUSION

Button has failed to demonstrate that the handgun was not concealed within the meaning of I.C. § 18–3302(9). Therefore, the district court did not err in denying Button's motion to suppress. Accordingly, Button's judgment of conviction is affirmed.

Chief Judge SCHWARTZMAN and Judge LANSING concur.