71 P.3d 1072

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Matthew L. VENEROSO, II,
Defendant–Appellant.**

No. 27925.

Court of Appeals of Idaho.

May 14, 2003.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant. Paul S. Sonenberg argued.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Judge.

Matthew L. Veneroso, II, appeals from his judgment of conviction entered following a conditional plea of guilty to possession of marijuana with the intent to deliver. We affirm.

## I.

## FACTS AND PROCEDURE

During the early morning hours of December 20, 2000, a police officer observed a vehicle parked on the street in a new housing development in Coeur d'Alene. The only buildings in the development were model homes. The street was dark and the officer observed no other persons or traffic. This was the officer's normal patrol area and, under these circumstances, he thought it was unusual for a vehicle to be parked there. The officer approached the vehicle and noticed that its engine was running. Two individuals were seated inside. Veneroso, the driver, told the officer that Veneroso and his passenger had been to a friend's home and had nowhere else to go. Because the two individuals appeared to be under eighteen and in violation of curfew, the officer asked them for identification. While Veneroso retrieved his driver's license, the officer used his flashlight to visually scan the passenger compartment. On the rear driver's side floorboard, the officer saw a small metal spoon commonly used by those involved with illegal drugs. In the front driver's side, the officer saw a gold-colored object near Veneroso's right leg tucked between the driver's seat and the center console. Each time he was asked about the object, Veneroso nervously responded that it was nothing and moved his hand and leg closer to the object. To get a better look, the officer moved toward the front of the vehicle where he could see through the windshield. The officer illuminated the object with his flashlight and discovered that it was a knife. Upon the officer's request, Veneroso stepped out of the vehicle. The knife, with a four or five-inch, double-edged blade, was removed. Based on these facts, the officer believed that the vehicle contained weapons or illegal items. Veneroso was arrested for possession of a concealed weapon, the knife.

The passenger exited the vehicle while a search of the passenger compartment was conducted. Officers discovered, in the front seat area, two notebooks containing information the officers recognized as being associated with drug trafficking, including names, phone numbers, dollar amounts, and numbers indicating measurements of weight. In addition to the spoon in the rear seat area, the officers discovered that the center part of the rear seat could be pulled down to allow access to the trunk. An officer peered into the trunk through the center section and observed a backpack and a small safe. Inside the safe, officers found $240 in cash, drug paraphernalia, and plastic baggies containing methamphetamine and marijuana. Veneroso was charged with possession of methamphetamine with the intent to deliver, possession of marijuana with the intent to deliver, possession of marijuana, carrying a concealed weapon, and possession of drug paraphernalia. Veneroso moved to suppress the evidence obtained during the search of his vehicle as well as statements made to police. After a hearing, the district court denied the motion. Veneroso entered a conditional plea of guilty to possession of marijuana with the intent to deliver. I.C. § 37–2732(a)(1)(B). Veneroso reserved the right

to appeal the district court's order denying his motion to suppress. The remaining charges were dismissed.

On appeal, Veneroso argues that the district court erred when it denied his motion to suppress, asserting that the search was incident to an arrest unsupported by probable cause. Veneroso contends that, even if the arrest was lawful, the search exceeded the scope of the search incident to arrest exception to the warrant requirement. Additionally, Veneroso asserts that the doctrine of inevitable discovery did not apply in this case. The state argues that the arrest was supported by probable cause, that the search was not beyond the scope of the search incident to lawful arrest exception, and that the search was also proper under the automobile exception to the search warrant requirement.

## II.

## ANALYSIS

■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina,* 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers,* 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

Neither party in this case disputes the facts. Rather, Veneroso argues that the officer lacked probable cause to arrest him for carrying a concealed weapon, thus rendering the search incident to his arrest unlawful. According to Veneroso, the evidence resulting from the search was illegally obtained and the district court should have granted his motion to suppress.

■ An arrest is lawful when based upon probable cause. *See State v. Kerley,* 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct.App.

2000). Probable cause is "the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty." *State v. Julian,* 129 Idaho 133, 137, 922 P.2d 1059, 1063 (1996). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the search warranted a person of reasonable caution to believe that the action taken was appropriate. *Id.; State v. Hobson,* 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The application of probable cause to arrest must allow room for some mistakes by the arresting officer; however, the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusion of probability. *Klingler v. United States,* 409 F.2d 299, 304 (8th Cir.1969); *Julian,* 129 Idaho at 137, 922 P.2d at 1063. The facts making up a probable cause determination are viewed from an objective standpoint. *Julian,* 129 Idaho at 137, 922 P.2d at 1063. In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *State v. Ramirez,* 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct.App.1991).

■ In this case, carrying a concealed weapon was the underlying offense for which Veneroso was arrested. Idaho Code Section 18–3302(7) provides that a person shall not carry a concealed weapon without a license to do so. Furthermore, I.C. § 18–3302(9) provides that while in any motor vehicle inside the confines of a city, a person shall not carry a concealed weapon on or about his or her person without a license. Veneroso concedes that the knife in his vehicle was the type of weapon covered by the statute. However, Veneroso asserts that the knife was not concealed because the officer was able to identify the knife from a vantage point outside the vehicle.

■ The general test of concealment is whether a weapon is so carried that it is not discernible by ordinary observation. *State v. McNary,* 100 Idaho 244, 247, 596 P.2d 417, 420 (1979). In *State v. Button,* 136 Idaho 526, 37 P.3d 23 (Ct.App.2001), a driver was stopped for fictitious display of license plates. The officer approached the driver's side of

the vehicle, scanned the interior, and observed no weapons present. However, when asked about weapons, the driver informed the officer of a handgun located between the front seats and under a purse. The officer moved to the passenger's side and, looking through the window, spotted approximately two inches of the butt of a handgun between the seats. The driver was arrested for possession of a concealed weapon. A further search revealed possession of drugs. The driver moved to suppress the evidence found as a result of the arrest, arguing that because the handgun was visible to the officer, it was not concealed. The Court concluded that, because the weapon remained concealed until the officer moved to a particular vantage point, the weapon was not discernible by ordinary observation. The Court held that the district court did not err when it denied the driver's motion to suppress.

The general facts of this case are, in all material respects, indistinguishable from the facts in *Button*. We conclude that the knife was not discernible by ordinary observation. Instead, it was identified by a trained officer, who was specifically looking for weapons, only after he moved to a particular vantage point. Had he not peered into the vehicle from a different angle, the knife would have gone unobserved as such. The positioning of the knife between the seat and the console concealed it from casual observation. These facts show that the officer had probable cause to believe Veneroso was unlawfully carrying a concealed weapon. Thus, we hold that Veneroso's arrest was lawful.

Even though Veneroso's arrest was lawfully made, the state must show that the search conducted after his arrest was reasonable. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). However, the state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* In this case, the state argues as one alternative that the search was reasonable and lawful under the automobile exception to the search warrant requirement.

We have previously held that Veneroso's arrest was lawful. Thus, the search of the passenger compartment was legal as a search incident to the arrest. *See New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Charpentier*, 131 Idaho 649, 962 P.2d 1033 (1998). Veneroso asserts, however, that a search incident to arrest may not be extended into the trunk even where, as here, the trunk was accessible from the passenger compartment. We find it unnecessary to reach that issue because we conclude that the trunk search was lawful under the automobile exception to the warrant requirement. Under the automobile exception, police officers may search an automobile and the containers within it where they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The officer's determination of probable cause must be based on objective facts which would be sufficient to convince a magistrate to issue a warrant under similar circumstances. *United States v. Ross*, 456 U.S. 798, 808, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *State v. Shepherd*, 118 Idaho 121, 124, 795 P.2d 15, 18 (Ct.App.1990). In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *Ramirez*, 121 Idaho at 323, 824 P.2d at 898. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Ross*, 456 U.S. at 825, 102 S.Ct. 2157.

Veneroso's car was parked on a dark street during the early morning hours in a residential area that was under construction.

No other persons or traffic were observed. This was the officer's normal patrol area, and he thought it was unusual for a vehicle to be parked there at that time. After approaching the vehicle, the officer observed a small spoon lying on the back seat floorboard. From previous training and experience, the officer recognized the spoon as of the type commonly used by those involved in illegal drugs. When the officer asked about the gold object in the driver's side of the vehicle, Veneroso nervously said it was nothing and moved his hand closer to the object. Veneroso's body language and statements led the officer to believe he was nervous and that there was something illegal in the vehicle that Veneroso did not want the officer to discover. Once inside the passenger compartment of the vehicle, officers discovered, in the front seat area, two notebooks containing information the officers recognized as being associated with drug trafficking, including names, phone numbers, dollar amounts, and numbers indicating measurements of weight. Under these facts, the officer's search of the trunk of Veneroso's vehicle was supported by probable cause to believe that additional weapons, drugs, or other contraband would be found in the vehicle and was justified without a warrant under the automobile exception.

As noted by Veneroso, this exception was not relied upon by the state during the hearing on the motion to suppress, nor was it relied upon by the district court in denying Veneroso's motion. During the hearing on the motion, the state indicated that the automobile exception probably would not apply under the facts of this case. On appeal, Veneroso argues that the state cannot now argue that the warrantless search was valid under the automobile exception.

In *Shepherd*, this Court addressed the issue of whether a warrantless search was valid under an exception to the warrant requirement that was not the basis of the lower court's decision denying the defendant's suppression motion. *See Shepherd*, 118 Idaho at 124, 795 P.2d at 18. In that case, the lower court denied the defendant's suppression motion, finding that the search was valid under the inventory exception.

The state's argument rested exclusively on the inventory exception both before the lower court and on appeal. This Court, however, held that the warrantless search was proper under the search incident to an arrest and automobile exceptions, and chose not to address the exception relied upon below. In so holding, this Court stated that the officer's explanation for searching the defendant's automobile is not controlling. Similarly, this Court is not limited by the prosecutor's argument or the absence thereof. *State v. Bower*, 135 Idaho 554, 558, 21 P.3d 491, 495 (Ct.App. 2001). The lawfulness of a search is to be determined by this Court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search. *State v. Kopsa*, 126 Idaho 512, 519 n. 4, 887 P.2d 57, 64 n. 4 (Ct.App.1994); *Shepherd*, 118 Idaho at 124, 795 P.2d at 18. In light of *Shepherd* and *Bower*, we uphold the warrantless search of Veneroso's vehicle under the automobile exception. We, therefore, need not address the search incident to arrest exception pursuant to *Belton* nor the issue raised by Veneroso regarding the doctrine of inevitable discovery.

## III.

## CONCLUSION

The facts available to the officer at the time of Veneroso's arrest were sufficient to support the officer's probable cause to believe Veneroso had committed the crime of carrying a concealed weapon. The search of the vehicle, including the trunk area was justified under the automobile exception to the warrant requirement. The district court did not err in denying Veneroso's motion to suppress. Accordingly, Veneroso's judgment of conviction for possession of marijuana with the intent to deliver is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, concur.