**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35988**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2010 Opinion No. 29** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: April 19, 2010** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| STEPHEN DONALD NEWMAN, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for attempted rape, <u>affirmed</u>.

Andrew Parnes, Ketchum; Riordan & Horgan, San Francisco, California, for appellant.  Dennis Riordan argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.  Nicole L. Schafer argued.

_____

PERRY, Judge Pro Tem

Stephen Donald Newman appeals from his judgment of conviction for attempted rape. Specifically, Newman challenges the district court's order denying his motion to suppress.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The following facts were revealed through testimony at the suppression hearings and set forth by the district court in its order denying Newman's motion to suppress.  Late one summer night, police were dispatched to a grocery store parking lot to investigate a report of suspicious activity at a nearby city park.  The police were met at the parking lot by the victim and her husband, who had called the police after responding to an online advertisement for a free iPod. The victim told police that she received e-mails from the person posting the ad directing her to come to the park after dark to retrieve the free iPod from a portable restroom.  Feeling

1

suspicious, the victim and her husband went to the park to investigate and saw two cars parked near portable restrooms. After watching the vehicles for fifteen to twenty minutes, the victim and her husband called the police.

The officers examined e-mails provided by the victim and indicated they would investigate the situation and retrieve the iPod if they located it in the park. Once in the park, the officers observed a vehicle matching the description given by the victim still parked next to a portable restroom. The vehicle had tinted windows, making it difficult for the officers to see if anyone was sitting inside. The officers searched a portable restroom and did not find an iPod. One officer approached the vehicle and knocked on the passenger-side window. Newman, who was seated in the vehicle, rolled down the window. The officer immediately noticed that Newman was sweating and wearing a black stocking cap. The officer questioned Newman about why he was at the park after closing and why he was wearing a black stocking cap on a hot summer night. Newman responded that he had been working on his laptop computer in the park for over an hour and later planned to do some exercises in the park. The officer asked Newman to step out of the vehicle and, as he was doing so, Newman appeared to hide something behind his seat. The officer questioned Newman about what he put behind his seat. Newman did not answer. The officer then looked into the vehicle and saw what appeared to be a handgun. The officer also noticed a pair of black ski gloves and a laptop computer on the passenger side of the vehicle.

Newman was placed under arrest for being in the park after dark in violation of a city ordinance and for carrying a concealed weapon. Newman was handcuffed and placed on a nearby curb. The officers then performed a search of Newman's vehicle incident to his arrest. The officers seized a pellet gun hidden between two seats, a knife hidden under the pair of black ski gloves, some pieces of paper, a man's belt, and the laptop computer. The computer's contents were later searched pursuant to two search warrants. These searches revealed evidence linking Newman to the iPod advertisement and to the victim's e-mails as well as other evidence indicating that Newman planned to commit rape the night of his arrest.

Newman was charged with attempted rape. I.C. §§ 18-306, 18-6101(4). Newman filed a motion to suppress the evidence obtained as a result of his arrest, asserting that the search of his car violated the Fourth Amendment. The district court denied the motion. After a jury trial,

Newman was found guilty of attempted rape. He appeals, challenging the district court's denial of his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id. See also Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983) (officer safety exception applies to a search of an automobile's passenger compartment when an officer has reasonable suspicion that an individual is dangerous and might access the vehicle to gain immediate control of weapons); *State v. Veneroso*, 138 Idaho 925, 929, 71 P.3d 1072, 1076 (Ct. App. 2003) (automobile exception applies to a search of an automobile where officers have probable cause to believe that the automobile contains contraband or evidence of a crime); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct. App. 1993) (search incident to a valid arrest is an exception to the warrant requirement).

The officers in this case searched Newman's vehicle incident to his arrest for being in a city park after dark. On appeal, Newman argues that, in light of the United States Supreme Court's recent decision in *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710 (2009), the search of Newman's vehicle incident to his arrest was unlawful. The state responds that, while *Gant* may

3

apply in this case, the search of Newman's vehicle is still reasonable under either the automobile or officer safety exceptions to the warrant requirement.[1]  The state also asserts that, if *Gant* renders this search incident to arrest unlawful, a good-faith exception should apply to the officers' conduct because *Gant* had not been decided at the time of the search.  Finally, Newman replies that, if this Court determines that probable cause existed to justify a warrantless search of Newman's vehicle, his case should be remanded to the district court for further factual development.

Because we conclude that it is dispositive of the issue at hand, we first address the state's argument that the search of Newman's vehicle was valid under the automobile exception.  Under the automobile exception, police officers may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime.  *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991).  Probable cause is a flexible, common-sense standard.  A practical, nontechnical probability that incriminating evidence is present is all that is required.  *Texas v. Brown*, 460 U.S. 730, 742 (1983).  Probable cause does not require an actual showing of criminal activity, but only the probability or substantial chance of such activity.  *Illinois v. Gates*, 462 U.S. 213, 243-44 n.13 (1983).  The facts known to the officers must be judged in accordance with the factual and practical considerations of everyday life on which reasonable and prudent people act.  *Id.* at 231.  If probable cause exists to believe a vehicle contains evidence of criminal activity, the search of any area of the vehicle in which the evidence might be found is authorized.  *United States. v. Ross*, 456 U.S. 798, 820-21 (1982).  The scope of such a search includes evidence relevant to offenses other than the offense of arrest.  *Gant*, ___ U.S. at ___, 129 S. Ct. at 1721.

Newman argues that a warrantless search is only reasonable under the automobile exception if the search is supported by probable cause to believe that evidence of a *specific* crime would be discovered.  To support this argument, Newman relies upon this Court's decision in

---

[1]     During the proceedings below, the prosecutor did not argue the officer safety exception or the automobile exception to justify the search of Newman's vehicle.  However, on appeal, this Court is not limited by the prosecutor's argument or the absence thereof.  *See State v. Bower*, 135 Idaho 554, 558, 21 P.3d 491, 495 (Ct. App. 2001).  Further, an officer's explanation for the search is not controlling.  *State v. Shepherd*, 118 Idaho 121, 124, 795 P.2d 15, 18 (Ct. App. 1990).  The lawfulness of a search is to be determined by the court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search.  *Id.*

*State v. Bunting*, 142 Idaho 908, 136 P.3d 379 (Ct. App. 2006). In *Bunting*, police responded to a report of a garage fire. Police entered the garage and noticed that the fire was extinguished and that no one else was in the building. An officer interviewed the resident of the home adjacent to the garage, who stated that his neighbor was in the garage cleaning automobile parts when the fire started. After another officer interviewed the neighbor, police decided to return to the garage to investigate further. Once inside the garage, police discovered evidence of a methamphetamine lab. Based on this evidence, police obtained a search warrant for the resident's home and the home of his neighbor. This Court held that the officers' entry into the garage the second time constituted an unlawful search. *Id.*, 118 Idaho at 913-14, 136 P.3d at 384-85. As a result, this Court concluded that the search warrant was invalid because the evidence available to officers prior to the unlawful search did not implicate any specific criminal activity and, therefore, could not support a finding of probable cause. *Id.*, 118 Idaho at 916, 136 P.3d at 386.

Based on that conclusion, Newman contends that a warrantless search of a vehicle is valid under the automobile exception only if it is supported by probable cause to believe that evidence of *specific criminal activity* would be discovered. However, that is not the standard adopted by this Court. The Court's reference in *Bunting* to "any specific criminal activity" was an explanation that the facts available to officers prior to their second search of the garage were not sufficient to support a finding of probable cause. This Court was not relying upon the fact that no evidence of a *specific* crime would be found. Rather, the importance in *Bunting* was the lack of evidence of *any* criminal activity whatsoever. As such, Newman's reliance upon this Court's use of the phrase "specific criminal activity" is misplaced.

The facts of this case are similar to the facts in *Veneroso*, 138 Idaho 925, 71 P.3d 1072. In *Veneroso*, an officer observed a vehicle parked in a new housing development in the early morning hours of a winter night. The officer observed that the street was dark and that the only homes in the development were model homes. Finding these circumstances unusual, the officer approached the vehicle and noticed two people sitting in the vehicle with the engine running. The officer asked the driver for identification and shined a flashlight inside the vehicle. The officer noticed a spoon on the floor of the passenger compartment, which looked like the type typically involved with illegal drugs. In addition, the officer noticed a gold object near the driver's leg. When the officer inquired about the object, the driver responded that it was nothing, but continued to move his hand and leg closer to the object. The officer then walked to the front

5

of the car and observed through the windshield that the object was a knife. At that point, the officer ordered the driver out of the car and placed him under arrest for possession of a concealed weapon. Based upon these facts, the officer believed that the vehicle contained weapons or evidence of a crime and performed a warrantless search of the car incident to the driver's arrest. The search revealed the knife and spoon, along with notebooks containing information the officers recognized as being associated with drug trafficking. Based on that information, the officers performed a search of the trunk and discovered cash, drug paraphernalia, methamphetamine, and marijuana.

This Court held that the warrantless search of the trunk of the vehicle was lawful under the automobile exception, because the circumstances surrounding the search supported a finding of probable cause. *Id*., 118 Idaho at 930, 71 P.3d at 1077. Specifically, this Court held that the location of the car; the time of night; the driver's behavior; and the discovery of the spoon, knife, and notebooks supported probable cause to believe that additional weapons, drugs, or other contraband would be found in the trunk of the vehicle. *Id*., 118 Idaho at 929-30, 71 P.3d at 1076-77.

Similarly, in this case, Newman's vehicle was parked in a city park after dark, which was not only unusual but also violated a city ordinance. Officers were dispatched to the park in response to a report of suspicious behavior involving e-mails soliciting the victim to come to that park late at night to retrieve a free iPod from a portable restroom. Newman's vehicle matched the description provided and was parked next to a portable restroom--in the exact location detailed in the e-mails. The officers searched a portable restroom and did not discover an iPod inside. Upon approach by the officers, Newman told police he had been working on his computer in the park for over an hour, which supported the victim's story. Newman's clothing and behavior were also unusual, as he was sweating and wearing a black stocking cap in July. In addition, Newman's clothing and behavior were inconsistent with his explanation that he was going to exercise in the park on a hot summer night. The officers also noticed a pair of winter ski gloves on the passenger seat of Newman's vehicle. Once the police ordered Newman out of his car, Newman attempted to hide what appeared to be a handgun behind his seat so that officers would not discover it. Newman was then hesitant to answer the officer's questions about what he had hidden.

6

Therefore, based on the totality of the circumstances and the objective facts presented to the officers, probable cause existed to believe that evidence of a crime would be found in Newman's vehicle. Newman argues that, at the time of the search, the officers were not presented with sufficient information to support a finding that Newman intended to commit a particular crime. However, in order to establish that probable cause existed to search Newman's vehicle, the state was not required to show that the officers knew whether the purpose of luring the victim to the park was to commit the crime of battery, assault, theft by trick, rape, kidnapping, murder, robbery, or any number of other possible crimes. All that was required was a showing that probable cause existed to believe that evidence of criminal activity would be found in the vehicle.

Newman also asserts that, even if the warrantless search of his vehicle was reasonable under the automobile exception, the laptop computer was unlawfully seized because the officers had no probable cause to seize such an ordinary item. However, in this case, there is a direct nexus between the computer and the suspected criminal activity. Newman admitted to officers that he was sitting in his car working on his computer around the same time that the victim reported receiving e-mails directing her to a portable restroom in the park. The e-mails triggered the investigation, and were the very means by which the victim was lured to the park in the first place. The suspicious circumstances of this case--Newman's dress, demeanor, location, and gun--coupled with Newman's admission to recently working on his laptop computer, created a direct nexus between the suspicious e-mails and Newman's computer. Because the search of Newman's vehicle was supported by probable cause to believe that evidence of a crime would be discovered, and because the computer could reasonably be considered to be evidence of a crime, we further conclude that the seizure of the computer was proper under the Fourth Amendment.

The district court upheld the search of Newman's vehicle as a lawful search incident to arrest. However, the district court did not have the benefit of the United State's Supreme Court's decision in *Gant*, in which the Court determined that a search of a vehicle incident to arrest is lawful if it is reasonable to believe the vehicle contains evidence of the crime of arrest. *Gant*, ___ U.S. at ___, 129 S. Ct. 1723-24. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984). Because we hold that the search of Newman's vehicle was reasonable under the automobile exception to the warrant requirement of

the Fourth Amendment, we need not address whether the search in this case was lawful under *Gant* or the state's assertion that a good-faith exception to *Gant* exists under the Idaho Constitution. In addition, we need not address the state's assertion that the officer safety exception to the warrant requirement applies in this case. Finally, Newman's argument that this case should be remanded to the district court for further factual development is unpersuasive. In his appellate brief, Newman conceded that the relevant facts of this case are undisputed; further factual development is unnecessary.

## IV.

## CONCLUSION

Probable cause existed to support the warrantless search of Newman's vehicle. As a result, the search of Newman's vehicle and the seizure of incriminating evidence were justified under the automobile exception to the warrant requirement of the Fourth Amendment. Therefore, Newman has failed to show that the district court erred in denying Newman's motion to suppress. Accordingly, Newman's judgment of conviction for attempted rape is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**