IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38446

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 521 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 20, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK A. WHITMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Richard D. Greenwood, District Judge.

Order denying motion to suppress, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Mark Whitman appeals from the district court's order denying his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Idaho State Trooper Bailey observed a GMC Suburban pulling into a gas station. As Trooper Bailey was leaving the gas station, he drove past the vehicle and noticed it was pulling a trailer without a license plate. Later, the same vehicle passed Trooper Bailey and he initiated a traffic stop because the trailer lacked a license plate and functioning tail lights. Once the vehicle was stopped, the trooper identified Whitman as the driver. Trooper Bailey believed that he had seen a different man driving the vehicle in the gas station parking lot, so he asked Whitman if he was alone. Whitman paused, before stating that he was alone in the vehicle. Trooper Bailey

1

then observed a bullet in the middle console, and asked if there were any firearms inside the vehicle, to which Whitman hesitated and then replied there were no firearms.

Suspicious of the responses given by Whitman, Trooper Bailey scanned the interior of the vehicle, at which point he noticed "some brown hair sticking out of a blanket in the rear compartment of the [S]uburban." Trooper Bailey commanded the individual to show his hands and present himself. The man, identified as Michael Maddox, was asked to sit in the front passenger seat of the Suburban while Trooper Bailey initiated driver's checks on both names. The checks revealed that Maddox had multiple outstanding warrants for his arrest. Maddox was then taken into custody and Whitman was detained in the backseat of a police car.

Trooper Bailey, assisted by a deputy, then searched the vehicle. During the search, a brown briefcase was discovered containing: (1) a loaded handgun, which was later determined to be stolen; (2) a plastic bag with a white crystal residue, later determined to be methamphetamine; and (3) a scale. Under the vehicle's rear seats, two other handguns were discovered and in the rear compartment a glass pipe in a jacket.

As a result of the traffic stop and the items found within the vehicle, Whitman was charged with aiding and abetting grand theft by receiving or possessing stolen property, possession of a controlled substance, resisting or obstructing officers, and possession of paraphernalia. Whitman moved to suppress the evidence, in which he asserted that the recently-issued case, *Arizona v. Gant*, 556 U.S. 332 (2009), prohibited the type of search conducted by the police in this case.[1]

The State opposed Whitman's motion to suppress, arguing, inter alia, that the search of the automobile was "justified as a protective Terry frisk of the vehicle" and that the evidence would have inevitably been discovered. The district court denied the suppression motion. Whitman conditionally pled guilty to possession of a controlled substance and resisting or obstructing officers, reserving the right to challenge the district court's denial of his suppression motion. The district court imposed a seven-year term, with three years determinate on the controlled substance charge, and a sentence of one year on the resisting or obstructing officers charge. The district court suspended execution of both sentences, and placed Whitman on probation for a period of four years. Whitman timely appealed.

---

[1] Neither the parties nor the district court had the guidance of the United States Supreme Court decision in *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419 (2011).

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.[2] Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id. See also Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983) (officer safety exception applies to a search of an automobile's passenger compartment when an officer has reasonable suspicion that an individual is dangerous and might access the vehicle to gain immediate control of weapons); *State v. Veneroso*, 138 Idaho 925, 929, 71 P.3d 1072, 1076 (Ct. App. 2003) (automobile exception applies to a search of an automobile where officers have probable cause to believe that the automobile contains contraband or evidence of a crime); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct. App. 1993) (search incident to a valid arrest is an exception to the warrant requirement).

Because we conclude that it is dispositive, we first address the State's argument that the search of Whitman's vehicle was valid under the automobile exception. Under the automobile exception, police officers may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State*

---

[2] Whitman did not argue below that his rights under Article I, § 17, of the Idaho Constitution were violated, nor did he argue that the Idaho Constitution provides greater protection than the Fourth Amendment. Therefore, we will analyze his claim solely under the Fourth Amendment.

*v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). "Probable cause is a flexible, common-sense standard." *State v. Newman*, 149 Idaho 596, 599, 237 P.3d 1222, 1225 (Ct. App. 2010). A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983). Probable cause does not require an actual showing of criminal activity, but only the probability or substantial chance of such activity. *Illinois v. Gates*, 462 U.S. 213, 243-44 n.13 (1983). The facts known to the officers must be judged in accordance with the factual and practical considerations of everyday life on which reasonable and prudent people act. *Id.* at 231. If probable cause exists to believe a vehicle contains evidence of criminal activity, the search of any area of the vehicle in which the evidence might be found is authorized. *United States. v. Ross*, 456 U.S. 798, 820-21 (1982). The scope of such a search includes evidence relevant to offenses other than the offense of arrest. *Gant*, 556 U.S. at 347. If probable cause justifies the search of a lawfully-stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Ross*, 456 U.S. at 825. The scope of a warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted. *Id.* at 824. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found. *Id.*

Whitman argues that the district court erred in holding that the police had probable cause to believe that the specific crime of possessing a concealed weapon had been committed and that evidence of that crime could be found in the automobile. Whitman's argument is based on the erroneous belief that the probable cause must be connected to the specific crime for which he was arrested. However, in *Gant*, the United States Supreme Court reiterated that the automobile exception "allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Gant*, 556 U.S. at 347.

Whitman also asserts that the presence of a bullet does not establish probable cause. Whitman cites *People v. Colyar*, 941 N.E.2d 479 (Ill. App. Ct. 2010), *rev. allowed*, 949 N.E.2d 1100, for the proposition that an officer's observation of a bullet in plain view in a vehicle's center console does not provide the officer with probable cause. In *Colyar*, two police officers approached a vehicle to tell the driver his vehicle was blocking the hotel's entrance. *Id.* at 481. As the owner of the vehicle was explaining that he was just temporarily parked to pick up passengers, one of the officers looked in the vehicle's window and noticed a bullet in the center

4

console.  *Id.*  The men were asked to exit the vehicle and were handcuffed.  *Id.*  While the men were in custody, the police searched the vehicle and found a handgun.  *Id.* at 482.  After being charged, the defendant moved to suppress the handgun and the bullets.  The circuit court granted the defendant's motion to suppress the handgun and bullets because the seizure of all the evidence flowed from an illegal search and the custodial search was based upon an unlawful arrest.  *Id.*  The Appellate Court of Illinois affirmed the lower court's decision on the reasoning that  the "police action is not supported by probable cause that a crime had occurred based on a plain-view sighting of a bullet because a bullet is not contraband *per se*."  *Id.* at 480.

The facts of the present case are distinguishable from those present in *Colyar.*  The district court found the following facts to establish that Trooper Bailey had probable cause. First, Trooper Bailey "noticed the driver was different from the individual he had observed earlier, and that the prior driver/occupant was now missing."  Whitman falsely said that he was the only occupant in the vehicle.  Trooper Bailey's suspicions were further aroused when he observed a bullet on the middle console.  When asked if there were any firearms in the vehicle, Whitman denied having any.  The trooper noticed that Whitman "hesitated and broke eye-contact" when answering his questions.  As Whitman searched for his license and registration, the trooper noticed the rear window had been rolled up since the time he first noticed the automobile.  Whitman also provided an expired proof of insurance.  Trooper Bailey then "shined his flashlight into the rear of the vehicle [and] noticed some brown hair sticking out from one of the blankets."   As Trooper Bailey commanded the concealed passenger to move into the front passenger seat, Whitman continued lying by stating "Mike, I didn't know you were back there." Trooper Bailey went back to his police car to run a driver's check on their names.  During that time, the passenger continually asked to go to the bathroom, the trooper felt that these requests were attempts to flee the scene.  Trooper Bailey then "learned that the passenger had multiple warrants for probation violation and contempt, and that there was caution warning and a state-wide order for his extradition."  In totality, the district court determined that "in this case unlike *Gant*, the officers after the legal stop occurred had probable cause to believe that additional crimes were taking place, besides mere traffic infractions based upon their own observations, the actions of the individuals in the vehicle and the radio information about one of the occupants."

Whitman's contention that, by itself, the bullet does not provide probable cause to search his vehicle ignores the totality of the facts that were before Trooper Bailey.  The district court's

5

findings are supported by substantial and competent evidence in the record. These facts would lead a reasonable person to believe that Whitman's vehicle contained contraband or evidence of a crime. The automobile exception applies and the district court did not err in denying Whitman's motion to suppress.[3]

## III.

## CONCLUSION

Because there was probable cause to search Whitman's vehicle under the automobile exception, we conclude that the district court did not err in denying Whitman's motion to suppress. Accordingly, the district court's denial of Whitman's motion to suppress is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

---

[3]     The district court also denied the motion to suppress on the basis of the doctrine of inevitable discovery. We need not address the doctrine of inevitable discovery or other issues raised by the parties.

6