**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49714**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>RYAN JAMES KURKOWSKI,<br><br>      **Defendant-Appellant.** | )<br>)  **Filed: December 12, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgments of conviction for possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Ryan James Kurkowski appeals from his judgments of conviction for possession of a controlled substance and possession of drug paraphernalia. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer attempted to stop Kurkowski for traffic offenses. Kurkowski did not immediately pull over and, instead, continued driving for approximately thirty-three seconds. After Kurkowski pulled over, the officer approached the vehicle, made contact with Kurkowski, and collected his driver's license and proof of insurance. Initially, Kurkowski could not locate his vehicle registration information. The officer suggested some locations Kurkowski could look for the registration information, including the center console. While Kurkowski was searching for the

1

registration, the officer observed a plastic straw on the passenger floorboard that was altered in a manner which the officer believed gave it the appearance of a snort tube. The officer also observed Kurkowski wearing a bracelet with marijuana leaves on it. When Kurkowski opened the center console to look for his registration, the officer observed a black bag containing the silhouette shape of what the officer believed to be a marijuana pipe. Kurkowski quickly shut the console after opening it. The officer asked Kurkowski what was inside the console and informed him it appeared to be a marijuana pipe. The officer then asked Kurkowski to re-open the console, but he refused. A subsequent search of the vehicle yielded a methamphetamine pipe and a small baggie containing methamphetamine, both located within the black bag observed by the officer.

The State charged Kurkowski with possession of a controlled substance, I.C. § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1). Kurkowski moved to suppress the evidence obtained during the search, arguing that the search was unlawful. The district court denied the motion, finding probable cause existed to search the vehicle. Kurkowski entered into a conditional plea agreement whereby he pled guilty to both charges while reserving the right to appeal the denial of the motion to suppress. Kurkowski appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Kurkowski argues that the district court erred in denying his motion to suppress. Specifically, Kurkowski contends that the search of his vehicle was unlawful because neither the automobile nor plain view exceptions to the warrant requirement justified the search. The State

responds that the district court correctly concluded that the search was supported by probable cause that Kurkowski's vehicle contained contraband or other drug-related evidence. We hold that Kurkowski has failed to show the district court erred in concluding the officer had probable cause to believe the vehicle contained contraband or other drug-related evidence.[1]

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

One well-recognized exception to the warrant requirement is the automobile exception. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). In determining whether a search is authorized pursuant to the automobile exception, the question is whether there is probable cause to believe that the automobile holds contraband or evidence of a crime. *Carroll v. United States*, 267 U.S. 132, 155-56 (1925). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *State v. Johnson*, 152 Idaho 56, 61, 266 P.3d 1161, 1166 (Ct. App. 2011).

The district court concluded there was probable cause to search Kurkowski's car pursuant to the automobile exception. In support of this conclusion, the district court made several factual findings regarding Kurkowski's behavior, including that he delayed pulling over, had an altered straw on the floor, was wearing a bracelet with indicia of marijuana, and was reluctant to look in the center console for his registration and then quickly closed it after briefly opening it. The district court also found the officer's testimony was credible, including his testimony that he observed the

---

[1]     Because we hold that probable cause existed to search the vehicle under the automobile exception, we do not address Kurkowski's argument regarding the plain-view exception.

silhouette shape of a pipe when the console was open. Kurkowski argues that neither the items observed nor his conduct during the traffic stop supported a finding of probable cause to search. We disagree.

Kurkowski challenges each individual fact supporting the district court's probable cause finding, but a determination of probable cause requires a totality of the circumstances analysis. *See Anderson*, 154 Idaho at 706, 302 P.3d at 331. Moreover, proffered innocent explanations for Kurkowski's behavior do not foreclose a probable cause determination. *See District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) (explaining "probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts"). The facts found by the district court, considered in light of the totality of the circumstances known to the officer, support the conclusion that probable cause existed to justify the officer's search of Kurkowski's vehicle. *See*, *e.g.*, *State v. Veneroso*, 138 Idaho 925, 929-30, 71 P.3d 1072, 1076-77 (Ct. App. 2003) (holding that presence of item recognized as paraphernalia and defendant's behavior supported search of vehicle based on automobile exception). Kurkowski has failed to show error in the district court's denial of his motion to suppress.

## IV.

## CONCLUSION

Kurkowski has failed to show that the district court erred in denying his motion to suppress. Accordingly, Kurkowski's judgments of conviction for possession of a controlled substance and possession of drug paraphernalia are affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.