**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49977**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: November 8, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| BROGAN BRIANNA PULLIAM, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Brogan Brianna Pulliam appeals from her judgment of conviction for possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer conducted a traffic stop on Pulliam's vehicle. While the officer interacted with Pulliam, another officer arrived to assist and stood on the passenger side of the vehicle. When Pulliam reached into the glove box to find her insurance and registration, she pulled out a prescription bottle. Pulliam informed the officer who initiated the stop that the pills were Suboxone, that she had been prescribed them to help wean her off prescription pain pills, but that

1

she no longer took Suboxone or pain pills. Pulliam was unable to find her registration paperwork initially, at which point the officer who initiated the traffic stop returned to his patrol vehicle.

The assist officer remained on the passenger side of Pulliam's vehicle and observed Pulliam remove a slender, approximately six-inch-long glass bottle with a hole in the center and attempt to hide it between the seats and center console. The assist officer knocked on the window of Pulliam's vehicle, had her roll down the window, and asked her what she was hiding. Pulliam at first did not inform the assist officer of the glass bottle and attempted to show the assist officer other nearby items. After some discussion where the assist officer insisted he had watched her pull the bottle from her purse and then hide it, Pulliam retrieved the bottle and stated she hid it because it "look[ed] like a bong" and that she had not seen the assist officer standing next to the vehicle. Pulliam also informed the assist officer that she had been through drug court.

When the officer conducting the stop returned, the assist officer showed him the bottle and informed him that Pulliam had tried to hide it. Pulliam again informed both officers that she had done so because the bottle "look[ed] bad." The officers asked if there was anything else in the vehicle and if they could search it. Pulliam agreed to allow the search and was asked to stand at the front of one of the patrol vehicles. Pulliam then asked the officers if they could get a warrant for the search. The officers both responded that she had given consent but that her behavior, including trying to hide what appeared to be drug paraphernalia, was enough for them to search her vehicle without her consent. Pulliam again agreed to allow the officers to search. When asked why she had asked about a warrant, she replied that she felt her rights were being violated and that she had done nothing wrong.

The officer who initiated the traffic stop returned to Pulliam's vehicle and began the search while the assist officer stayed near Pulliam. After a few minutes, the officer who initiated the stop placed Pulliam in handcuffs, informed her that she was being detained for possession of drug paraphernalia he had found in the vehicle, and placed her in his patrol vehicle. Both officers then returned to the search of Pulliam's vehicle which yielded multiple snort tubes, two torches, butane, foil, a balled-up piece of tinfoil containing crushed white pills, and several other pills. Pulliam was read her *Miranda*[1] rights and admitted to using methamphetamine and oxycodone a few weeks

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

prior, using the snort tubes, and smoking methamphetamine out of the glass bottle she attempted to hide. After Pulliam was transported to the jail, white powder, pieces of a blue pill, and a small plastic container were located on the backseat of the patrol vehicle where Pulliam had been sitting.

The State charged Pulliam with possession of a controlled substance, concealment of evidence, introduction of paraphernalia into a correctional facility, possession of drug paraphernalia, and possession of a legend drug. Pulliam filed a motion to suppress, arguing that she was unlawfully detained when officers expanded the traffic stop to request consent to search and that the search of her vehicle was unlawful because she revoked her consent. The State objected to the motion and argued that probable cause existed to search the vehicle under the automobile exception and, alternatively, that Pulliam had consented to the search. Following a hearing on the motion to suppress, the district court denied Pulliam's motion. The district court found probable cause supported the search pursuant to the automobile exception. Pulliam entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c), preserving the right to challenge the denial of her motion to suppress. The State agreed to dismiss the remaining charges. Pulliam appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Pulliam contends that the district court erred when it denied her motion to suppress because the officers lacked probable cause to search her vehicle and because she had withdrawn her consent. With respect to her probable cause argument, Pulliam contends the district court erred

3

by relying upon information that was known only to the assist officer when the officer who initiated the traffic stop began conducting the search. Pulliam also argues that the district court erred in finding that probable cause existed absent testimony from the officers regarding their training and experience. The State responds that Pulliam's claim regarding the officers' collective knowledge is not preserved and that the district court correctly determined the officers had probable cause to search.[2] We hold that Pulliam has failed to show the district court erred in concluding there was probable cause to search the vehicle pursuant to the automobile exception.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One well-recognized exception to the warrant requirement is the automobile exception. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). In determining whether a search is authorized pursuant to the automobile exception, the question is whether there is probable cause to believe the automobile contains contraband or evidence of a crime. *Carroll v. United States*, 267 U.S. 132, 155-56 (1925). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *State v. Johnson*, 152 Idaho 56, 61, 266 P.3d 1161, 1166 (Ct. App. 2011).

The district court found there was probable cause to search Pulliam's vehicle based on the officers' knowledge that: Pulliam had previously been addicted to opioids, made furtive movements and removed a glass bottle resembling paraphernalia from her purse and hid it, feigned

---

[2]     Although the district court did not address whether Pulliam consented to the search, both parties also address whether the search was supported by Pulliam's consent. Because we affirm the district court's probable cause determination, we also decline to address whether Pulliam consented to the search.

ignorance about hiding anything when questioned before she later admitted to hiding the glass because it resembled a bong, and admitted having previously been in drug court. Pulliam failed to raise or argue before the district court that the officers possessed different knowledge for purposes of establishing probable cause or that the officers conducted separate searches. Instead, Pulliam argued in her memorandum in support of her motion to suppress that the officers lacked probable cause in relation to the paraphernalia because the officers did not see any "residue, burn marks," or other indicators the bottle was used for drugs. We agree with the State that Pulliam's arguments challenging the knowledge possessed by both officers are not preserved and, therefore, we decline to consider those arguments for the first time on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

Pulliam argues that probable cause could not be established because the officers were not present to testify, and the district court was not able to "evaluate [the officers'] training and experience in determining whether there was probable cause." This argument is unpersuasive. As noted, the probable cause determination asks whether the totality of the circumstances known at the time of the search would, in the mind of a reasonable person, give rise to a fair probability that contraband or evidence of a crime will be found in a particular place. *See Anderson*, 154 Idaho at 706, 302 P.3d at 331. In this case, the evidence presented at the suppression hearing and considered by the district court established the relevance of the officers' observations with respect to Pulliam's possession of what appeared to be paraphernalia. Most notably, as found by the district court, the assist officer saw Pulliam fumble around, pull a glass object out of her purse, and try to hide it. When confronted by the assist officer about what she was trying to hide, Pulliam showed it to him and unsuccessfully tried to convince him it was a vase; Pulliam ultimately conceded it "looks like a bong." When the officer who initiated the stop returned to Pulliam's vehicle after running Pulliam's information through dispatch and writing a citation, the assist officer showed him the glass object, explained that Pulliam tried to hide it, and Pulliam again acknowledged it "looks bad." The facts found by the district court, considered in light of the totality of the circumstances known to the officers, support the conclusion that probable cause existed to justify the search of Pulliam's vehicle. *See, e.g., State v. Veneroso*, 138 Idaho 925, 929-30, 71 P.3d 1072, 1076-77 (Ct. App. 2003) (holding that the presence of an item recognized as drug paraphernalia and defendant's behavior supported search of vehicle based on automobile

exception). Pulliam has failed to show error in the district court's application of the automobile exception and denial of her motion to suppress.

## IV.

## CONCLUSION

Pulliam has failed to show that the district court erred in denying her motion to suppress. Accordingly, Pulliam's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.